UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LM INSURANCE CORPORATION,

    Plaintiff,

v.                                                      Case No.  6:14-cv-382-Orl-37TBS

HANNEFORD CIRCUS, INC.,

    Defendant.
_____/

## ORDER

This case is before the Court on Plaintiff's Motion for an Award of Attorneys' Fees Against Defendant (Doc. 33).  On December 2, 2014, the Court granted Plaintiff's Motion to Compel Defendant to Comply with Discovery Requests and for Reasonable Attorneys' Fees and Costs (Doc. 32).  In its Order, the Court found that Plaintiff was entitled to recover its reasonable legal expenses, including attorney's fees for the prosecution of the motion.  (Id.).  Plaintiff seeks an award of $1,860 based upon 8.7 billable hours worked by attorney A. Felipe Guerrero and .6 billable hours worked by attorney Scott Crosby.  (Doc. 33-1).  Both attorneys billed their time at the rate of $200 per hour.  (Id.).  Defendant failed to respond to the motion and the Court construes Defendant's inaction as evidence that it consents to the relief sought.

When deciding a reasonable fee, the Court considers the number of hours reasonably expended on the task, together with the customary fee charged in this community for similar legal services.  Oravec v. Sunny Isles Luxury Ventures, LLC, 2009 WL 6337121 (S.D. Fla. Jan. 12, 2009).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours

expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  Plaintiff's lawyers failed to provide the Court time records detailing the work they performed or the amount of time they expended on each task.  Consequently, the Court does not know how much time was spent to research the motion or how much time was spent to write it.  The lack of adequate documentation is grounds to reduce the amount of time claimed.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  The fee applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates.  Id.  Plaintiff failed to tell the Court the basis for its attorney's hourly rates.  Informative information would have included information about counsels' education, experience, specialization, skill and expertise.  Plaintiff did submit an Affidavit of Reasonable Attorneys' Fees executed by attorney Alexandre M. Mestdagh which contains little meaningful information.  (Doc. 33-2).  Mr. Mestdagh simply opines, without providing a satisfactory basis for his opinion, that the hourly rates charged by Plaintiff's counsel and the time expended are both reasonable.  (Id.).

Despite the lack of adequate documentation to support Plaintiff's motion the Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

Based upon its own knowledge of hourly rates and the time expended for like services in the Middle District of Florida, and after a review of Plaintiff's motion to compel, the Court finds that $200 per hour is a reasonable rate for counsel's services but 9.3 hours is excessive. The Court finds that a range of 4 to 7 hours of attorney time is appropriate for the work performed and that here, 3 hours should be disallowed because the hours appear to be excessive and are not adequately documented. Accordingly, Plaintiff's Motion for an Award of Attorney's Fees Against Defendant (Doc. 33) is GRANTED IN PART. Plaintiff is awarded $1,260 based upon 6.3 hours of attorney time at the rate of $200 per hour. Defendant is ORDERED to remit the sum of $1,260 to Plaintiff within 14 days from the rendition of this Order.

ORDERED IN CHAMBERS in Orlando, Florida, on December 30, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel