**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LM INSURANCE CORPORATION,

        Plaintiff,

v.                                                        Case No. 6:14-cv-382-Orl-37TBS

HANNEFORD CIRCUS INC.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

(1) Motion of LM Insurance Corporation for Summary Judgment and Memorandum of Law in Support Thereof (Doc. 36), filed December 30, 2014; and

(2) Statement of Undisputed Material Facts to Which There is No Genuine Issue Submitted in Support of Motion for Summary Judgment (Doc. 37), filed December 30, 2014.[1]

**BACKGROUND**

This breach-of-contract action concerns a dispute between Plaintiff LM Insurance

---

[1] Plaintiff violated the Court's Case Management and Scheduling Order ("CMSO") by filing a separate Statement of Undisputed Material Facts. The CMSO provides that a "motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall include a memorandum of law, . . . [which] shall be presented **in a single document** of not more than twenty-five pages." (*See* Doc. 15, p. 6 (emphasis added)); *see also* Local Rule 3.01(a). Because the separate documents filed by Plaintiff do not exceed the page limit requirement, the Court will not strike the separate statement; however, Plaintiff's counsel is advised that it must comply with all of the Court's Orders. The Court may impose sanctions for continued non-compliance with Court Orders and the Local Rules.

Corporation ("LM") and Defendant Hanneford Circus Inc. ("Hanneford") concerning the amount of premiums owed by Hanneford under two worker's compensation insurance policies—Policy Number WC5-35S-0985-018, which was effective from April 22, 2008 until April 22, 2009 ("Policy I"), and Policy Number WC5-35S-510985-019, which was effective from April 22, 2009 until April 22, 2010 ("Policy II"). (Docs. 1, 1-2, 36.) LM contends that its audits of Hanneford's records "identified additional payroll . . . which resulted in additional premium owed" in the amount of $142,557.00 under Policy I and $119,343.00 under Policy II—for a total amount owed of $261,900.00 ("Additional Premium"). (Doc. 1, ¶¶ 16, 17.) LM contends that it demanded payment of the Additional Premium, and Hanneford refused to pay. (*Id.* ¶ 18.)

Hanneford counters that it has no obligation to pay the Additional Premium because: (1) LM is "estopped from charging workers compensation insurance premium" based on payments Hanneford made to independent contractors such as circus performers and vendors; and (2) Hanneford was "relieved of its responsibilities" under the Policies because LM breached the Policies by reporting Hanneford's purported default to the National Council on Compensation Insurance ("NCCI"). (Doc. 9, pp. 3–8.) Hanneford has counterclaimed seeking: (1) a declaration that circus performers and vendors are independent contractors for purposes of computing premiums under the Policies (*id.* at 6 (Count I of the Counterclaim));[2] (2) compensatory damages caused to Hanneford by LM's alleged negligence in reporting Hanneford's payment status to NCCI (*id.* at 7–8 (Count II

---

[2] This dispute was previously before the Court, and the parties engaged in some discovery, but the action was closed after Hanneford voluntarily dismissed its declaratory judgment claim. *See Hanneford Circus, Inc. v. Liberty Mutual Ins. Co.*, 6:12-cv-806-Orl-DAB (Docs. 54, 55).

of the Counterclaim); and (3) costs and attorneys' fees (*id.*).

Hanneford has not complied with its discovery obligations, and the Court has sanctioned it for such non-compliance. (*See* Docs. 32, 35, 41.) Initially, the Court: (1) found that Hanneford "waived all of its objections to the interrogatories, requests for production, and requests for admissions;" (2) deemed that Hanneford had admitted Plaintiff's requests for admission; and (3) ordered Hanneford to fully and completely respond to discovery "no later than December 9, 2014" (the "December Order"). (*See* Doc. 32.) Hanneford did not comply with the December Order, and on January 13, 2015, the Court imposed additional sanctions and again ordered Hanneford to comply with LM's requests for production of documents and requests for interrogatories on or before January 30, 2015. (*See* Doc. 41.) Finally, the Court ordered Hanneford to produce a corporate representative for deposition at an agreed time before February 10, 2015. (*See id.*)

On December 30, 2014, LM moved for summary judgment on its claim (but not on Hanneford's Counterclaim). (*See* Doc. 36.) Hanneford has not responded to the Motion, and the deadline for doing so has passed. (*See* Doc. 15, p. 6 ("Each party opposing a motion for summary judgment shall serve, within **thirty** days after being served with such a motion, a legal memorandum with citation of authorities in opposition to the relief requested.").) Accordingly, the Motion will be deemed unopposed when the Court takes the Motion under advisement on **February 12, 2015**.[3] (*Id.* at 7 ("The Court takes a motion

---

[3] The "mere fact" that a motion for summary judgment is unopposed is an insufficient base for "entry of summary judgment." *See Jacoby v. Baldwin Cnty.*, No. 13-12444, 2014 WL 7399079, at *3 (11th Cir. Dec. 31, 2014). The Court must always consider the merits of a motion for summary judgment. *See id.*; *see also Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs v. Wolf Crane*

3

for summary judgment under advisement **forty-five** days from the date it is served.").)

## LEGAL STANDARD

The Court may resolve a claim or defense by entry of summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must support its assertions "that a fact cannot be" genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). If the movant "fails to properly support an assertion of fact . . . the court may:" (1) afford the movant an "opportunity to properly support or address the fact;" (2) "grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to it; or" (3) "issue any other appropriate order." Fed. R. Civ. P. 56(e).

## DISCUSSION

The only evidentiary material in the record are the copies of the Policies filed with the Complaint. (Doc. 1-2.) LM has not filed any affidavits, declarations, stipulations, or *admissions* in support of its Motion, even though it repeatedly cites to Rule 36(a)(1) requests that were deemed admitted in the December Order. (*See* Doc. 37, ¶¶ 3–10.) Rather than submit copies of the admitted Rule 36(a)(1) requests, LM simply cites to the December Order; however, the requests were not part of the Order (*see* Doc. 32), nor were they submitted with the Motion to Compel (Doc. 31). Accordingly, the Court finds that LM has not sufficiently supported its assertions of fact in accordance with the

---

*Serv., Inc.*, 374 F. 3d 1035, 1039 (11th Cir. 2004); Fed. R. Civ. P. 56(e)(3).

requirements of Rule 56(a) and (c)(1)(A). Rather than deny the Motion, the Court will afford LM an opportunity to "properly support" its asserted facts by submitting necessary evidentiary materials, such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. On or before **February 12, 2015**, when the Court takes the Motion for Summary Judgment (Doc. 36) under advisement, Plaintiff LM Insurance Corporation may file evidentiary material in support of its Motion.

2. If Plaintiff fails to file the necessary evidentiary material, then the Court will deny the Motion for Summary Judgment, and the matter will proceed to trial as set forth in the Case Management and Scheduling Order (Doc. 15).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 6, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record